## KEELY INSTITUTE *v.* DOUGHERTY.

Irrespective of all other questions presented by the record, the plaintiff failed entirely to prove that the alleged tort was committed by the defendant, or that, if committed at all, the latter was in any manner connected with its perpetration.   Consequently the verdict was contrary to law and without evidence to support it.

Argued April 14, — Decided May 6, 1897.

Action for damages.   Before Judge Harris.   City court of Floyd county.   January term, 1896.

*H. M. Wright,* for plaintiff in error.

*Fouché & Fouché* and *McHenry & Nunnally,* contra.

FISH, J.   The plaintiff brought her action, in the city court of Floyd county, against "The Keely Institute," which the declaration alleged to be a corporation of this State, having its principal office and place of business in Atlanta, Fulton county, with the power under its charter to establish branch offices and places of business throughout the State.   It was further alleged that said corporation, prior to January 4, 1895, had established and on said date was maintaining, in Floyd county, a branch office and place of business, and was still maintaining the same at the time the suit was brought; that under its charter it was authorized to maintain an establishment for the treatment of nervous diseases by the methods employed by Leslie E. Keely, of Dwight, Ill.; that on January 4, 1895, it was engaged in such business at its branch office and place of business in Floyd county, which was then, and at the time the suit was filed, in charge of A. B. McDonald as manager and agent; that upon said day plaintiff's son, who

contributed to her support and upon whom she was dependent, was placed in charge of said corporation and its servants and agents in Floyd county, to be treated in consideration of the sum of money paid; and that said corporation and its agents and servants negligently, unskillfully and wrongfully treated him, so that on January 14, 1895, by reason of such neglect and unskillful and wrongful treatment, he died. The defendant in its pleas denied that it had at any time established and maintained a branch office or place of business in Floyd county, and that either it or its servants or agents had ever treated plaintiff's son. The facts appeared to be, from the evidence, as follows: "The Keely Institute" was chartered in Fulton county in 1891, for the purpose of establishing and maintaining an institution for the treatment of nervous diseases by the methods employed by the Leslie E. Keely Company, of Dwight, Ill., the principal office and place of doing business of said institute to be in the city of Atlanta, with power given to establish branch offices and places of business in the State. In January, 1893, said corporation, in consideration of $5,000, granted to James H. Savage and certain other named persons the exclusive right and privilege of establishing an institute, office of which should be in the city of Dalton, Ga., to be known as the "Keely Institute of Dalton, Ga.," for the purpose of curing nervous diseases, and with all the rights and privileges which had been granted to "The Keely Institute" of Atlanta, in the contract between the Leslie E. Keely Co. and W. J. Houston, which latter contract had been transferred by Houston to the Keely Institute of Atlanta. In the contract between the Keely Institute of Atlanta and Savage et al., it was stipulated that the latter should have themselves incorporated as soon as it could legally be done, and that the former should take five shares of stock of the Keely Institute of Dalton, as part of the consideration for the rights granted. In April, 1893, Savage, Noble, "The Keely Institute of Atlanta" and others obtained a charter in Whitfield superior court, for the "Keely Institute of Dalton," with the object of establishing an institute in the city of Dalton, Ga., for the cure of nervous diseases, etc., under the system employed by the "Leslie

E. Keely Co." The territory of the " Keely Institute of Dalton " was all that part of Georgia lying north of a straight line running east and west through the city of Atlanta. The Keely Institute of Dalton operated under its charter until October, 1893, when McDonald and Leak bought all of its stock and had it and the charter, with all rights and privileges thereunder, transferred to them; and they and their associates operated the Keely Institute in Floyd county, as individuals, it never having been chartered. Plaintiff's son was received into and treated by this Keely Institute in Floyd county. The Keely Institute of Atlanta had no interest in the Floyd county institute, and was not connected with it in any way, further than it had the right to receive a royalty upon each patient treated there, which right it had under the contract with the Keely Institute of Dalton. Nor did the Keely Institute of Atlanta ever have an office or agency in Floyd county. Irrespective, therefore, of all other questions presented by the record, the plaintiff failed entirely to prove that the alleged tort was committed by " The Keely Institute " of Atlanta, or that, if committed at all, the defendant was in any manner connected with its perpetration. Consequently the verdict was contrary to law and without evidence to support it, and the court below erred in not granting a new trial.

*Judgment reversed. All the Justices concurring.*